IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| **In Re:** | * | |
| JOYCE M. WATERS | * | Case No. 09-20095 |
| Debtor(s) | * | Chapter 13 |
| | * | |
| * * * * * * | * | * * * * * |
| State of Maryland / DLLR | * | |
| Plaintiff | * | **Adversary No.** |
| v. | * | |
| JOYCE M. WATERS | * | |
| Defendant | * | |
| * * * * * * | * | * * * * * |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

The Plaintiff, State of Maryland / DLLR, by and through its attorney, Cathy A. Applefeld, hereby files this Complaint, pursuant to Rule 7012 of the Rules of Bankruptcy Procedure and 11 U.S.C. Section 523 (a)(2), and in support thereof states as follows:

1. That the State of Maryland / DLLR (hereinafter "DLLR"), is a unit of the Maryland State Government and is empowered to collect its delinquent accounts.
2. That on June 4, 2009, the Defendant filed for Chapter 13 relief under Title 11 of the United State Code.
3. That this court has proper jurisdiction over the matter in accordance with 28 U.S.C. Sections 157 and 1334 and 11 U.S.C. Section 523 (a)(2) and Local District Rule 402.  Venue is proper pursuant to 28 U.S.C. Section 1409(a).
4. This matter is a core proceeding in accordance with 28 U.S.C. Section 7(b)(2)(I).
5. That DLLR paid the Defendant twenty-seven (27) weeks of unemployment insurance benefits for the weeks ending August 11, 2007 through February 9, 2008, to which the Defendant was not entitled.  The Defendant received benefits in the amount of **$340.00** for the twenty-five (25) weeks ending

|     | August 11 through August 18, 2007, and September 1, 2007 through February 2, 2008; **$312.00** for the one (1) week ending August 25, 2007; and **$28.00** for the one (1) weeks ending February 9, 2008.  (*See* Exhibit 1, Benefit Payment History) |
|-----|---|
| 6.  | That under the Maryland Unemployment Insurance Law, an individual may be entitled to unemployment benefits if the individual is unemployed (Md. Code Ann., Labor & Employment Article, Sections 8-902, 1005, 903), and was not separated from prior employment without substantial cause or through some misconduct (Md. Code Ann., Sections 8-1001, 1002, 1002.1, 1003) and is otherwise eligible under the Labor & Employment Article of the Maryland Annotated Code. |
| 7.  | That if the Secretary of DLLR determines at the time of or subsequent to the claim filing that the individual filing for benefits was not entitled to all or a portion of the benefits received, DLLR may recover the overpaid benefits.  *See* Md. Code Ann., Labor & Employment Article, Section 8-809. |
| 8.  | That if the Secretary determines that the claimant knowingly made a false statement or misrepresentation or knowingly failed to disclose a material fact in order to obtain or increase benefits, DLLR may recover benefits paid to the claimant for each week the false statements or misrepresentations were made plus interest of 1.5% per month on the overpaid amount.  *See* Md. Code Ann., Labor & Employment Article, Section 8-809(b).  *See also* Md. Code Ann., Labor & Employment Article Sections 8-1301 and 1305. |
| 9.  | That the Defendant filed a claim with DLLR for unemployment insurance benefits effective August 5, 2007.  (*See* Exhibit 1, Claim Profile) |
| 10. | The claim was taken by telephone at a local unemployment office whereby the Defendant was informed of the requirements for becoming eligible and remaining eligible for unemployment compensation. |
| 11. | That as a continuing requirement of receiving benefits, the Defendant submitted bi-weekly claim certifications to DLLR indicating, *inter alia*, whether she was employed and/or had earned wages during the week for which she was claiming benefits. |
| 12. | That the Defendant submitted claim certifications for the twenty-seven (27) weeks ending August 11, 2007 through February 9, 2008, but failed to properly report either her employment or wages during those weeks.  In fact, the Defendant indicated she was not employed or earning wages during those weeks.  (*See* Exhibit 1, Benefit Payment History)  Based on the representations made by the Defendant, DLLR paid the Defendant all twenty-seven (27) weeks of benefits. |
| 13. | That despite the Defendant's assurances of compliance with the Maryland Unemployment Insurance Law, DLLR subsequently learned that the Defendant was indeed employed and earned wages during the period in question, that she failed to properly report these wages during the twenty-seven (27) weeks she received benefits, that she failed to properly notify  DLLR of these facts, and in fact made fraudulent representations as to these facts in order to obtain or increase benefits, and was determined by DLLR to be ineligible for receipt of all twenty-seven (27) weeks of benefits under the Maryland Unemployment Insurance Law. (*See* Exhibit 1, Benefit Payment History) |

14. That DLLR conducted an investigation upon learning that the Defendant had failed to disclose employment and/or wage information while at the same time receiving unemployment benefits, and following its investigation, rendered administrative determinations finding the Defendant overpaid for all twenty-seven (27) weeks of unemployment benefits, inasmuch as the Defendant had received these benefits fraudulently pursuant to Section 8-801, 8-809, 8-1301 and 8-1305 of the Labor & Employment Article. (*See* Exhibit 1, NonMonetary Determination Inquiry)
15. That the Defendant was given notice of the administrative determinations pursuant to Section 8-806 of the Labor & Employment Article, and all rights to challenge the determinations have lapsed.
16. That the amount of benefits to which the Defendant was determined to have been overpaid was $8840.00. Pursuant to Section 8-809 of the Labor & Employment Article, fraud interest has accrued in the amount of $1953.72. (*See* Exhibit 1, Overpayment Summary)
17. That the total amount due and owing at this time is $10793.72. (See Exhibit 1, Overpayment Summary)
18. That the Defendant received these monies from DLLR under false pretenses or actual fraud within the meaning of 11 U.S.C. Section 523(a)(2) and this amount is not dischargeable.

**WHEREFORE**, the Plaintiff, State of Maryland/DLLR, hereby requests that this honorable Court determine that the money due and owing to State of Maryland / DLLR in the amount of $10793.72, including statutory interest, be deemed non-dischargeable and that the automatic stay be lifted as to this debt.

        RESPECTFULLY SUBMITTED:

        /s/   Cathy A. Applefeld
        Federal Bar #27646
        State of Maryland, DLLR
        1100 N. Eutaw Street, Room 202
        Baltimore, MD 21201
        (410) 767-2917

        Date:   September 14, 2009